No. 22908.

PACKAGING CORPORATION OF AMERICA *v.* HENRY ROBERTS.
(455 P.2d 652)

Decided June 16, 1969.

317

Shivers & Banta, Tom L. Eitel, for plaintiff in error.

Philip Hornbein, Jr., Roy O. Goldin, for defendant in error.

*In Department.*

Opinion by Mr. Justice Groves.

Roberts (referred to as plaintiff) brought action against the plaintiff in error (called the corporation) for injuries sustained when a supervisor employed by the corporation struck the plaintiff with a pitchfork. The plaintiff recovered a verdict in the amount of $4216, upon which judgment was entered. Among the issues before us are the following: (1) Whether exclusive jurisdiction of the matter was in the Industrial Commission of Colorado; (2) whether plaintiff was an employee of the corporation at the time of the striking; (3) whether the doctrine of *respondeat superior* applies to the act of

the supervisor; and (4) whether the damages are excessive.

The corporation operated a plant at which the plaintiff had worked for 18 years. Plaintiff was a felt checker, in which position he tended working machinery. On July 15, 1965, he appeared at the plant a little before 4:00 p.m. to work the swing shift. It was rather obvious that he had been drinking. The supervisor, one Cogdill, discharged the plaintiff. The two of them then went to the superintendent's office where the superintendent confirmed the fact of discharge. Plaintiff was given his final pay check and left the office, presumably to obtain his lunch pail and some personal tools and then to go home. There was some testimony that at the time he left the office he made some threatening remarks. Immediately after he departed from the office the superintendent said to Cogdill, "You better follow him out and see that he doesn't do any damage in the plant, and stay with him until he leaves the plant property, * * *." The superintendent said to another supervisor who was present, "You better go along, too, as a witness, to make sure nothing happens."

Plaintiff returned to the area of the plant in which he had worked but, instead of picking up his tools and lunch pail, he tarried for a short time and according to some witnesses engaged in argument with Cogdill. Cogdill testified that plaintiff threatened him with an iron bar and was abusive. Cogdill went to a nearby room and returned with a pitchfork, at which time the plaintiff did not have the iron bar. Some testimony was to the effect that plaintiff walked toward Cogdill and other evidence indicated that plaintiff was retreating. In any case, Cogdill struck the plaintiff on the head with a pitchfork, causing a laceration and knocking plaintiff to the floor.

The complaint in this action was filed on October 15, 1965. Thereafter on November 30, 1965 the corporation reported the injury to the Industrial Commission. On

June 30, 1966 the plaintiff filed with the Industrial Commission a notice of claim for compensation. This last move was merely to protect the plaintiff's rights in the event that it developed that plaintiff was incorrect in believing that he had a common law right to recover damages. There have been no proceedings before the Industrial Commission, although it was made a third party defendant in the litigation below.

Prior to the incident the corporation was in full compliance with the Workmen's Compensation Act and during his employment plaintiff was covered by its provisions. Portions of the Act provide as follows :

"(1) (a) The right to the compensation provided for in this chapter, in lieu of any other liability whatsoever, to any and all persons whomsoever, for any personal injury accidentally sustained or death resulting therefrom, shall obtain in all cases where the following conditions occur:

"(b) Where, at the time of the accident, both employer and employee are subject to the provisions of this chapter; and where the employer has complied with the provisions thereof regarding insurance;

"(c) Where, at the time of the accident, the employee is performing service arising out of and in the course of his employment;

"(d) Where the injury or death is proximately caused by accident arising out of and in the course of his employment, and is not intentionally self-inflicted." C.R.S. 1963, 81-13-2.

"Any dispute or controversy concerning compensation under this chapter shall be submitted to the commission in the manner and with the effect as provided herein." C.R.S. 1963, 81-14-1.

"Any employer who has elected to and has complied with the provisions of this chapter, including the provisions relating to insurance, shall not be subject to the provisions of section 81-3-1; nor shall such employer be subject to any other liability whatsoever for the death of or personal injury to any employee, except as pro-

vided in this chapter; and all causes of action, actions at law, suits in equity, and proceedings whatever, and all statutory and common law rights and remedies for and on account of such death of, or personal injury to any such employee and accruing to any and all persons whomsoever, are hereby abolished except as provided in this chapter." C.R.S. 1963, 81-3-2.

By reason of these provisions the corporation has submitted that the Industrial Commission has primary and exclusive jurisdiction of this matter and that, until the Industrial Commission determines that plaintiff was not an employee at the time of the striking, the district court has no jurisdiction.

When this matter was submitted to the trial court it determined as a matter of law that plaintiff was not an employee of the corporation at the time he was struck.

## I.
### Jurisdiction

■ Article VI, § 9 of the Colorado constitution provides: "The district courts shall be trial courts of record with general jurisdiction, and shall have original jurisdiction in all civil, probate, and criminal cases, except as otherwise provided herein * * *." If the plaintiff was an employee at the time the injury occurred, the Industrial Commission would have exclusive jurisdiction of the matter. However, we hold that the district court had jurisdiction to determine whether the plaintiff was an employee at that time.

## II.
### Respondeat Superior

■ The trial court over objection instructed the jury: "* * * that an employer is responsible for the actions of its employee when done in the course of his employment. Accordingly, you should consider the acts of Cogdill to be the actions of the Defendant." The corporation sought unsuccessfully to have the jury instructed that it would not be liable if Cogdill, in striking the

plaintiff, was acting from personal motives. Undoubtedly the trial court was attempting to act in accordance with the following statement:

"The modern trend seems to extend the employer's responsibility for the tortious conduct of his employee far beyond the employer's actual or possible control over the conduct of the employee, and rests on the broader ground that everyone who prefers to manage his affairs through others remains bound to so manage them that third persons are not injured by any breach of legal duty on the part of those acting within the scope of their employment * * *." 6 Am. Jur. 2d *Assault and Battery* § 136.

However, the corporation would not be liable if Cogdill's act had no real connection with his employer's business and was purely personal. *T. Shearman and A. Redfield, Law of Negligence* § 158 (1941, Supp. 1969). When one considers: (1) that Cogdill was instructed to prevent the plaintiff from damaging machinery and that there was no evidence that plaintiff made any attempt in any manner to damage machinery, and (2) that a jury rightly might conclude that Cogdill's act in striking the plaintiff in the head with a pitchfork was so vicious as to show that he was acting from personal, rather than employer-employee considerations, it follows that there was an issue of fact as to the applicability of *respondeat superior*. This issue should have been submitted to the jury under appropriate definitive instructions.

### III.

### *Determination Whether*

### *Plaintiff Was Under the Act*

■ "Injuries incurred by an employee while leaving the premises, collecting pay, or getting his clothes or tools within a reasonable time after termination of the employment are within the course of employment, since they are normal incidents of the employment relation." 1 *A. Larson, The Law of Workmen's Compensation*

§ 26.00 (1966). We approve this statement of law. It would seem that this rule was not called to the attention of the trial court. At least, the court stated:

"Also, on the question of jurisdiction, that the Industrial Commission is the exclusive forum under which the claim of the defendant [sic], because there is a question whether or not he was in the employ at the time, I think [the superintendent] testified that he was fired, and he was no longer in the employment * * *. As it is now, the testimony shows that the plaintiff was not in the employment."

On retrial there must be a determination as to whether the plaintiff remained under workmen's compensation at the time the altercation took place; and, if it is found that he was still under the Act, the court loses jurisdiction of the matter.

## IV.

### Damages

The corporation contended that the verdict of $4216 was so excessive that it should have been set aside. We do not agree.

The judgment is reversed and cause remanded for proceedings consonant with the views expressed herein.

MR. JUSTICE DAY, MR. JUSTICE HODGES and MR. JUSTICE LEE concur.