No. 23046.

Packaging Corporation of America *v.* Industrial Commission of Colorado.

(477 P.2d 367)

Decided November 23, 1970.

Shivers & Banta, Tom L. Eitel, for plaintiff in error.

Harold Clark Thompson, Alious Rockett, Feay Burton Smith, Jr., Duke W. Dunbar, Attorney General,

JOHN P. MOORE, Deputy, PETER L. DYE, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

THIS is a third party action brought in connection with a damage claim filed in the Denver district court by one Henry Roberts against Packaging Corporation of America — the plaintiff in error — hereinafter referred to as the Corporation.

Roberts, who had been an employee of Packaging Corporation, was injured in an altercation with an employee of the Corporation in connection with his discharge from his employment and while he was being escorted from the Corporation premises. Roberts brought a common law tort action for damages for injuries sustained.

The Corporation filed a third party complaint against the Industrial Commission of Colorado as administrator of the State Compensation Insurance Fund, alleging that under its insurance contract with the Fund the latter was obligated to defend the suit and would have to respond in damages for any recovery by Roberts against the Corporation. Roberts' claim against the Corporation was tried to a jury in a separate trial which brought in a verdict against the Corporation in the amount of $4216. Thereupon the Industrial Commission moved the court to dismiss the third party complaint against it on the ground that the Fund was obligated to respondent for payments to Roberts on behalf of the Corporation only for workmen's compensation in the event that Roberts was deemed to be an employee injured in an accident arising out of and in the course of said employment.

In the argument before the trial court the Commission successfully asserted that because the jury had determined that Roberts was not an employee of the Corporation and assessed the damages in the tort action,

Roberts could not recover workmen's compensation as a non-employee. The Commission argued — and the court agreed — that the Industrial Commission and the Fund were not required to respond in damages for the jury verdict. The court dismissed the third party complaint against the Industrial Commission.

In *Packaging Corporation v. Roberts,* 169 Colo. 316, 455 P.2d 652, a judgment against the Corporation based on the jury verdict was reversed by this court and the cause remanded to the trial court with directions that it make a determination as a matter of law as to the status of Roberts. Packaging Corporation is now before this court alleging that since the dismissal of the third party action against the Industrial Commission was predicated upon the jury verdict in *Roberts, supra,* and further that because the jury verdict had been set aside and the cause remanded to the district court, the judgment in favor of the Industrial Commission also should be set aside awaiting final determination by the court as to the status of Roberts.

We affirm the action of the district court in dismissing the action against the Industrial Commission of Colorado. The dismissal would stand regardless of the resolution of the status of Roberts in the cause now before the trial court on remand.

The third party proceedings provide for a method whereby a party made a defendant in a law suit brought against it by a plaintiff may bring into court a party who would be liable for the claim being asserted by the plaintiff. It is a suit to substitute a third party for the claim being brought by the plaintiff. C.R.C.P. 14. The plaintiff in this case is seeking damages in tort for which the Fund would not be liable.

The liability of the State Compensation Insurance Fund is limited by the statutes of Colorado which are reflected in the contract of insurance. The liability is for the payment of claims for injuries to employees who are covered by the state workmen's compensation law.

Liability of the State Compensation Insurance Fund presupposes an injury to an employee arising out of his employment. Liability therefor is exclusively to be determined by the Industrial Commission in administrative proceedings before that body on a claim filed pursuant to law.

■ Regardless of the determination of the district court as to the status of Roberts, the Industrial Commission and the State Compensation Insurance Fund could not be liable in the district court for plaintiff's claim. If Roberts is deemed to have been an employee at the time of his injury, his suit in the district court would be dismissed, and the Industrial Commission would have original and exclusive jurisdiction of his claim for any compensation due him. The Fund would respond before the Commission in such proceeding. If the district court determined that Roberts was not an employee at the time of the injury, this determination itself would command the dismissal of the third party action against the Industrial Commission.

The Corporation in addition to alleging — not with validity we believe — that the Fund would be liable in the district court suit for the claim of the plaintiff, also asserted a contractural obligation by the Fund to the Corporation to furnish counsel to defend the Corporation in any action brought by an employee arising out of and in the course of his employment; and that Roberts was such an employee.

■ The Corporation contends that if Roberts is deemed to be an employee in the suit now pending the action on the claim for attorney fees still remains. We are not determining in this review nor did the trial court in dismissing the suit, without prejudice, determine what contractural rights or what monetary claim the Corporation may have against the Fund for attorney fees. Because the Corporation is asserting its own claim against the Fund, third party proceedings are not provided in Rule 14, *supra,* for such a claim. The third party com-

plaint on its face prays for attorney fees unearned and undetermined and claim thereon can be and should be asserted in a separate law suit once the liability, if any, arises. The dismissal of the third party complaint without prejudice does not bar such a claim. Whether such liability will ever accrue will depend upon the trial court's determination as a matter of law whether Roberts was at the time of his injury in the course of his employment with the Corporation. If he was not the whole question will become moot.

We conclude, therefore, that the court did not err in dismissing the third party complaint without prejudice.

The judgment is affirmed.

MR. JUSTICE KELLEY not participating.