480 P.2d 851 (1971)
Oscar C. NELSON, Plaintiff in Error,
v.
D. M. HARDING, Defendant in Error.
No. 70-501. (Supreme Court No. 24114.)
Colorado Court of Appeals, Div. II.
December 8, 1970.
Rehearing Denied January 12, 1971.
Certiorari Denied March 1, 1971.
*852 Philip Hornbein, Jr., Roy O. Goldin, Denver, for plaintiff in error.
Wormwood, Wolvington, Renner & Dosh, Richard W. Laugesen, Denver, for defendant in error.
Selected for Official Publication.
ENOCH, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
This is a personal injury action between coemployees. The parties appear here in the same order as in the trial court and will be referred to as plaintiff and defendant or by name.
The trial court granted defendant's motion for summary judgment after considering the pleadings, plaintiff's deposition and defendant's answers to written interrogatories.
Nelson and Harding were employees of State Machinery Co. (Company). Both men lived in Denver and traveled daily to the job site which was at Urad, near Berthoud Pass, a distance of about 51 miles. Nelson, Harding, and Howard, a nephew of Nelson, formed a car pool as did other employees on the job. Nelson's car was in need of repair and he chose not to drive it into the mountains. Harding and Howard alternated each day, each driving his own car with Nelson always a passenger. The Company paid the men the prevailing union hourly wage for the hours actually worked on the job, plus $7.20 each day for travel time or expenses. Harding did not ask for any contribution from Nelson; however, after Nelson learned from others on the job that $5.00 was being paid by passengers in car pools, Nelson offered to pay Harding that amount which Harding accepted.
On January 14, 1967, while returning from the work site, Nelson was injured in an automobile accident in Clear Creek Canyon (U.S. Highway 6). On this day, Harding was driving and Nelson and Howard were passengers.
Nelson elected to receive benefits under the Colorado Workmen's Compensation Act. His claim, based on his assertion that he was injured during the course of his employment, was not contested. The claim was approved and compensation paid.
Nelson presents the argument that Harding was under no duty as an employee of the Company to provide transportation for Nelson but that Harding volunteered to do so for his own monetary benefit. Nelson further argues that at the time of the accident, Harding had completed his day's work, had been relieved from all duties of his employment, and was engaged in his own enterprise and that these circumstances thus established a new relationship with Harding, being a carrier and with Nelson being his passenger. We agree with the trial court in rejecting this argument.
There are certain basic principles which have been established in the interpretation *853 of employee's rights under the Colorado Workmen's Compensation Act (C.R.S.1963 81-1-1 et seq.). As a general rule, it has been held that compensation is not recoverable by an employee who is injured on his way to or from work. Eby Construction Co. v. Industrial Commission, 151 Colo. 320, 377 P.2d 745, Comstock v. Bivens, 78 Colo. 107, 239 P. 869. To this general rule there are well established exceptions, one being that the employer and employee relation "shall continue during the period of `going and coming'" from work if the employer has agreed that such be the case, either expressly or by implication. It has been held that such an agreement may be "inferred from the fact that the employer compensates the employee for the time consumed in traveling to and from work." Eby Construction Co. v. Industrial Commission, supra.
It has also been established that the Workmen's Compensation Act is a bar to a suit by an employee against a co-employee for injuries sustained when both are acting within the course of their employment. The Act authorizes an action by an employee only against "third parties" who are not in the same employment. C.R.S.1963, 81-13-8; Hamblen v. Santa Fe Trail Transportation Co., D.C., 101 F.Supp. 799; See, Hartford Accident and Indemnity Co. v. Clifton, 117 Colo. 547, 190 P.2d 909.
Applying these principles to the case at hand, we hold that Nelson and Harding were still in the course of their employment at the time of the accident. It is not disputed that the parties were co-employees and we hold that that status was not changed by the car pool arrangement. Harding's main purpose in driving his car was to transport himself to and from work. This purpose was not changed by carrying a co-employee who voluntarily contributed to the car expenses.
Nelson cites the recent case of Packaging Corporation of America v. Roberts, Colo., 455 P.2d 652, for the principle that though a person may be an employee, he is not acting within the course of his employment if he is "acting from personal rather, than employer-employee considerations." We agree with this principle. However, the case is quite distinguishable. In that case an employee was instructed to escort a discharged employee off the employer's premises. They became embroiled in an argument and the employee beat the discharged employee over the head with a pitch fork. Understandably, some question might well be raised that the employee in that situation was acting from personal rather then employer-employee considerations.
The facts of this case are quite clear that Harding did not deviate from his course of employment for any personal consideration which would remove him from the status of a co-employee.
Judgment affirmed.
SILVERSTEIN, C. J., and COYTE, J., concur.