485 P.2d 134 (1971)
Truman SIECK, Plaintiff-in-Error,
v.
Melvin O. TRUEBLOOD, Defendant-in-Error.
No. 70-671, (Supreme Court No. 24208.)
Colorado Court of Appeals, Div. I.
May 11, 1971.
Wormwood, Wolvington & Dosh, Jack Kent Anderson, Denver, for plaintiff in error.
Yegge, Hall & Evans, Wesley H. Doan, William P. Sullivan, Denver, for defendant in error.
Selected for Official Publication.
ENOCH, Judge.
This case was transferred from the Supreme Court pursuant to statute.
This is a personal injury case in which Trueblood brought an action against Sieck for damages arising out of a collision between a truck tractor driven by Trueblood and an automobile driven by Sieck. Trial was to a jury, which rendered a verdict in favor of Trueblood. Prior to the trial, Sieck moved for summary judgment on the grounds that Trueblood's injuries were covered by Workmen's Compensation. The trial court denied this motion, and later found as a matter of law that Sieck was not within the course and scope of his employment at the time of the accident. Sieck appeals this adverse ruling.
*135 The record shows that Sieck arrived on the premises of his employer, D-C International Truck Line, as usual, at 7:15 a. m. on February 24, 1967. His normal working hours were from 7:30 a. m. to 4:00 p. m. As was his habit, he entered the premises in his automobile through one of four gates. As he drove across a large open portion of the truck yard toward his tractor for the purpose of warming up the tractor motor before starting time, he collided with a tractor driven by Trueblood.
The evidence showed the majority of the drivers drove to the employee parking lot, parked their automobiles, walked to the building containing a time clock, reported in, and then walked to their tractor units at approximately 7:30 a. m. A few of the drivers, including Sieck, drove directly to their tractor units upon arriving and started their tractor units before parking their automobiles and reporting in at the time clock. In doing so, these drivers were ready to work a few minutes before the other drivers. There was no company policy requiring the drivers to drive their private automobile through the yard to their particular tractor to warm it up before 7:30 a. m., nor was there any policy prohibiting employees from following this procedure. The company knew that Sieck and a few of the other drivers regularly followed this procedure.
The Workmen's Compensation Act is a bar to a suit by an employee against a co-employee for injuries sustained when both are acting within the course of their employment. Nelson v. Harding, Colo.App., 480 P.2d 851. There is no question that Trueblood was an employee of D-C International, acting within the scope of his employment at the time of the accident. The question on appeal is whether Sieck was acting in the course of his employment at the time of the accident. We hold that he was.
Injuries sustained by an employee while going to or from work usually are not compensable under Workmen's Compensation unless classified as within the scope of employment where it appears that at the time of such injuries the employee was engaged in an act or performing a duty which he was charged with doing as a part of his contract of service, or under the express or implied direction of his employer. Berry's Coffee Shop, Inc. v. Palomba, 161 Colo. 369, 423 P.2d 2; Security State Bank v. Propst, 99 Colo. 67, 59 P.2d 798.
In Divelbiss v. Industrial Commission, 140 Colo. 452, 344 P.2d 1084, the Supreme Court quoted with approval the following from 1 Larson's Workmen's Compensation Law, 21.60:
"`The course of employment, for employees having a fixed time and place of work, embraces a reasonable interval before and after official working hours while the employee is on the premises engaged in preparatory or incidental acts, such as washing or changing his clothes. The rule is not limited to activities that are absolutely necessary; it is sufficient if they can be said to be reasonably incidental to the work.'"
This section has since been modified as follows making it broader and even more applicable to this case:
"The course of employment, for employees having a fixed time and place of work, embraces a reasonable interval before and after official working hours while the employee is on the premises engaged in preparatory or incidental acts. The rule is not confined to activities that are necessary; it is sufficient if they can be said to be reasonably incidental to the work."
Furthermore, acts performed by an employee of mutual benefit to himself and his employer, even though the advantage to the employer is slight, have been held to be within the course of employment, rendering injuries arising therefrom compensable. Berry's Coffee Shop, Inc. v. Palomba, supra.
D-C International was the primary, if not sole, beneficiary of Sieck's enterprising and industrious action. We conclude that *136 Sieck, a co-employee of Trueblood, was acting within the scope of his employment at the time of the accident. Hence, the provisions of C.R.S.1963, 81-13-8, allowing an injured employee to elect whether to pursue a cause of action against a third party tortfeasor were not applicable. Trueblood's remedy was limited to recovery under the Workmen's Compensation Act and the trial court should have so ruled.
Judgment reversed.
COYTE and PIERCE, JJ., concur.