**Rolando R. LUNA, Plaintiff,**

v.

**CITY AND COUNTY OF DENVER; Harold Cook, individually and in his capacity as manager of the Department of Public Works, City and County of Denver; Robert S. Michael, individually and in his capacity as Director of Aviation of the City and County of Denver; and, John B. Renton, individually and in his capacity as Airport Engineer for the City and County of Denver, Defendants.**

Civ. A. No. 81–K–632.

United States District Court, D. Colorado.

April 19, 1982.

Michael H. Berger, Jeffrey M. Villanueva, Bader & Cox, Denver, Colo., for plaintiff.

Geoffrey S. Wasson, Stan M. Sharoff, Asst. City Attys., Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

The plaintiff in this case challenges the defendants' employment practices, as applied to him. His first three claims for relief are based on federal civil rights statutes, 42 U.S.C. §§ 1981, 1983, and 2000e—2000e–17, over which this court has subject-matter jurisdiction under 28 U.S.C. § 1343. The fourth claim for relief is based on the common-law tort of intentional infliction of emotional distress. Because this claim arises from a "nucleus of operative fact" that is common to that of the federal-law claims, this court has pendent jurisdiction to hear it. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

The defendants moved for partial summary judgment, seeking to have the fourth claim for relief dismissed. Briefs and affidavits have been submitted and the motion is now ripe for determination. I deny the motion.

In his complaint the plaintiff, who is an employee of the Denver Department of Public Works, alleges that the defendants discriminated against him because of his Asian race by failing to promote him several times and instead promoting less-qualified whites. In his fourth claim for relief the plaintiff alleges that this conduct caused him to suffer emotional distress and substantial damages, including lost pay, medical expenses, mental and physical suffering, pain, humiliation, and embarrassment.

The claim of intentional infliction of emotional distress must be evaluated under Colorado law. In *Rawson v. Sears Roebuck & Co.*, 530 F.Supp. 776, 778–80 (1982), I evaluated the applicable Colorado cases and concluded that a claim of intentional infliction of emotional distress must be based either on a

> pattern of conduct by the defendant that either intentionally or recklessly caused severe emotional distress to the plaintiff ... [or] ... on public or quasi-public officials severely abusing their duties and responsibilities.

*Id.* at 780 (citations omitted). In the recent decision *Zalnis v. Thoroughbred Datson Car Co.*, 645 P.2d 292 (Colo.App.1982) (11 *Colo. Lawyer* 1002), the court stated

> While it is true that "the courts are more likely to find outrageous conduct in a series of incidents or a 'course of conduct' than in a single incident," it is the totality of conduct that must be evaluated to determine whether outrageous conduct has occurred.

The court found that the plaintiff had stated a cause of action when she alleged that the defendants had taken away her recently purchased car and repeatedly harassed her, especially where they knew that she was peculiarly susceptible to emotional distress from their actions. Accordingly the court reversed the trial court's dismissal of the intentional infliction of emotional distress claim. In contrast, in *Trimble v. City and County of Denver*, No. 79CA0664 (Colo.App. Oct. 22, 1981) (10 *Colo. Lawyer* 3148), the court reversed a trial court's judgment in favor of a plaintiff where the defendants had breached a settlement agreement with the plaintiff and maliciously terminated his employment.

Although the facts on the record before me do not differ greatly from those in *Trimble*, the plaintiff has alleged a longer and more-detailed pattern of conduct by the defendants than was expressed in the *Trimble* opinion. In addition, the alleged racial motivation for the defendants' conduct is a factor that was not apparently present in *Trimble*. Under these circumstances the plaintiff has stated a claim for intentional infliction of emotional distress that is sufficient to overcome a motion for summary judgment.

In their motion for partial summary judgment the defendants do not challenge the sufficiency of the allegations, but instead argue that plaintiff's claim for intentional infliction of emotional distress should be dismissed because it is barred by the Colorado Workmen's Compensation Act, C.R.S. §§ 8–40–101—8–54–127. In particular the defendants rely on *id.* § 8–43–104, which provides that an employee who elects to be covered by the act surrenders his

> rights to any method, form, or amount of compensation or determination thereof or to any cause of action, action at law, suit in equity, or statutory or common-law right, remedy, or proceeding for or on account of such personal injuries or death of such employee other than as provided in said articles, . . .

They also cite *Ellis v. Rocky Mountain Empire Sports, Inc.*, 43 Colo.App. 166, 602 P.2d

895, 897–98 (1979), which affirmed a trial court dismissal of a claim for intentional infliction of emotional distress because compensation was available under the workmen's compensation act. See also *Eason v. Frontier Air Lines, Inc.*, 636 F.2d 293 (10th Cir. 1981).

The plaintiff responds that he should be allowed to proceed because physical injuries are only a minor part of his claim, which is based mainly on mental suffering, humiliation, and embarrassment. He argues that such damages are not compensable under the workmen's compensation act, and therefore judicial causes of action should be allowed. Although there are no Colorado cases on point, he cites two California Court of Appeal cases, *Ankeny v. Lockheed Missiles and Space Co.*, 88 Cal.App.3d 531, 151 Cal.Rptr. 828 (1979) and *Renteria v. County of Orange*, 82 Cal.App.3d 833, 147 Cal.Rptr. 447 (1978). In *Renteria* the court stated,

> The existence of a noncompensable injury, does not, by itself, abrogate the exclusive remedy of the Workers' Compensation Act.

82 Cal.App.3d at 840, 147 Cal.Rptr. at 451 (citation omitted). However, the court concluded that the act should not bar recovery on all actions for intentional infliction of emotional distress:

> We have here not an isolated instance of a physical injury which is noncompensable, but an entire class of civil wrongs outside the contemplation of the workers' compensation system.

*Id.* at 841, 147 Cal.Rptr. at 451 (citation omitted). Under these circumstances the court concluded that the California Workers' Compensation Act should not bar a judicial cause of action. *Id.* at 841, 147 Cal.Rptr. at 452. In *Ankeny*, on the other hand, the court determined that the plaintiff's cause of action was based on alleged physical injury and disability, and that the workers' compensation system offered the plaintiff a remedy. 88 Cal.App.3d at 535–36, 151 Cal.Rptr. at 831. Under these circumstances an independent judicial remedy was not appropriate.

On this pendent-jurisdiction claim, I must apply Colorado law, as determined by the Colorado appellate courts. See *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). This does not mean, however, that I must unquestioningly apply every applicable dictum from Colorado appellate decisions:

> Since a state court enjoys some latitude of decision in ascertaining the law applicable to a particular dispute even where there may be dicta in point, to require a federal court to relinquish even this minimum discretion would place the federal court in a position considerably inferior to that of the state court, and would fly in the face of [the] command [of *Angel v. Bullington*, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947), which held that federal courts in diversity cases were "in effect, only another court of the state."]

1A, *Moore's Federal Practice* ¶ 0.307[2], at 3097 (1981). See also *id.* ¶ 0.309[1], at 3112–13.

In *Ellis v. Rocky Mountain Empire Sports, Inc.*, 602 P.2d at 898, the Colorado Court of Appeals stated:

> intentional, torts are covered under the [Workmen's Compensation] Act, and compensation awards may be made for injuries suffered from intentional acts of coemployees.
>
> We therefore hold that Ellis' exclusive remedy for his negligence and intentional tort claims is as provided for under the Workmen's Compensation Act, and he is barred from bringing this common law action for his injury.

Although this broad language appears to include all intentional torts, C.R.S. § 8–43–104 bars only actions based on "personal injuries or death" of a covered employee. "Personal injury" is not defined by the act, but I do not think that it includes damages such as those alleged by the plaintiff in the present case, which are based mainly on mental suffering and humiliation, and only peripherally on physical suffering and pain. This contrasts *Ellis*, where the plaintiff's damages were almost exclusively physical injuries, which the court found were covered by the act.

On the other hand, actions for intentional infliction of emotional distress without accompanying physical injury are clearly cognizable under Colorado law. *Rugg v. McCarty*, 173 Colo. 170, 177, 476 P.2d 753, 756 (1970). I therefore conclude that the plaintiff could not receive compensation for the present claim under the Workmen's Compensation Act, and that he may properly bring it in Colorado courts.

IT IS ORDERED that defendants' motion for partial summary judgment is denied.