Joseph L. **VIGIL**, Plaintiff,

v.

**SAFEWAY STORES, INCORPORATED,**
Defendant.

Civ. A. No. 82–K–478.

United States District Court,
D. Colorado.

Feb. 10, 1983.

Leo T. Zuckerman, Zuckerman & Kleinman, Denver, Colo., for plaintiff.

Kathryn E. Miller and Gregory A. Eurich, Holland & Hart, Denver, Colo., for defendant.

MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This diversity action is now before me on a motion for summary judgment by defend-

ant, Safeway Stores, Incorporated. In a previous memorandum opinion and order (July 26, 1982) I dismissed several claims for relief and allowed the plaintiff to proceed on claims alleging that defendant intentionally, negligently, or recklessly caused him severe emotional distress. Plaintiff, Joseph Vigil, was an employee for Safeway who was responsible for the sale of salvage items. Vigil claims that during the course of his employment Safeway tried to entrap him into committing theft of company property. Vigil further contends that during an internal investigation of these allegations by the company security department, the company negligently, intentionally, and recklessly caused him severe emotional distress, mental suffering, and humiliation. Defendant has now moved for summary judgment on grounds that plaintiff's claims for emotional injuries allegedly caused by his employer or fellow employees are barred by the Colorado Workmen's Compensation Act, C.R.S.1973, § 8–40–101 et seq.

I recently ruled on the same issue in *Luna v. City and County of Denver,* 537 F.Supp. 798 (D.Colo.1982). In *Luna* I held:

> Although this broad language appears to include all intentional torts, C.R.S. § 8–43–104 bars only actions based on "personal injuries or death" of a covered employee. "Personal injury" is not defined by the act, but I do not think that it includes damages such as those alleged by the plaintiff in the present case, which are based mainly on mental suffering and humiliation, and only peripherally on physical suffering and pain.

*Id.,* at 801. In *Luna,* plaintiff, an employee of the Denver Department of Public Works, alleged that he was discriminated against because of his race and that this discriminatory conduct caused him to suffer emotional distress and substantial damages. In that opinion I distinguished *Luna* from *Ellis v. Rocky Mountain Empire Sports, Inc.,* 43 Colo.App. 166, 602 P.2d 895 (1979), a recent Colorado decision cited by defendant which affirmed a trial court dismissal, barring a claim for intentional infliction of emotional distress. *Ellis* was based primarily on phys-

ical injury to a professional football player who asked for damages for intentional infliction of emotional distress resulting from the physical consequences of his initial injury. The court held that he was covered by the Workmen's Compensation Act. On the other hand, *Luna* was based almost exclusively on mental suffering and humiliation resulting from the discriminatory conduct of an employer. Therefore, I held this was not an injury covered by the act. I now make a similar distinction with the recent Colorado Supreme Court case cited by defendant in support of its argument to bar this intentional tort action.

*Kandt v. Evans,* 645 P.2d 1300 (Colo. 1982), is also a workmen's compensation case in which plaintiff suffered serious back and leg injuries. Plaintiff's claim for intentional infliction of emotional distress was based on the employer's intentional aggravation of this pre-existing work related injury. It was the physical injury which precipitated the mental and emotional suffering. The suit was filed after a workmen's compensation claim was heard, in which the referee awarded disability benefits to the plaintiff.

In the instant suit, there are no claims based on physical injury. The entire complaint is based on infliction of emotional distress. In neither of the recent Colorado cases cited by defense counsel has the state court made any reference to this distinction, which was also the basis of my ruling in *Luna.*

That same distinction has been made in 2A, *A. Larson, The Law of Workmen's Compensation,* a well known treatise which includes a comprehensive discussion of this subject. Larson points out that the rationale for workmen's compensation statutes is based on the idea that an employer will not be held liable for damages in a court proceeding when an employee has already been provided compensation from an alternate source. Likewise, an employee's opportunity to sue for damages cannot be taken away unless something of value has been put in its place. Larson calls this "fundamental

coverage." The issue becomes confused when the question is whether a non-physical injury falls within this "fundamental coverage." Larson's explanation is similar to the one I made in *Luna*.

> If the essence of the tort, in law, is nonphysical, and if the injuries are of the usual non-physical sort, with physical injury being at most added to the list of injuries as a makeweight, the suit should not be barred. But if the essence of the action is recovery for physical injury or death, the action should be barred even if it can be cast in the form of a normally non-physical tort.

2A, A. Larson, *The Law of Workmen's Compensation* § 68.34, at 13–62, 63.

Until the Colorado courts have ruled squarely on this issue, I will continue to hold as I did in *Luna*, that the plaintiff may be ineligible to receive compensation for the present claim under the Workmen's Compensation Act, and therefore may properly bring this action in this court.

IT IS ORDERED that defendant's motion for summary judgment is denied.