**Frank L. SPULAK, Plaintiff,**

v.

**K MART CORPORATION, Defendant.**

Civ. A. No. 85–F–2062.

United States District Court,
D. Colorado.

Nov. 21, 1985.

Martin Zerobnick, Richard G. Sander, Gwen J. Young, Denver, Colo., John O. Walker, Fort Collins, Colo., for plaintiff.

Charles W. Newcom, M. Edward Taylor, Denver, Colo., Thomas R. Fredericks, Covina, Cal., for defendant.

### ORDER

SHERMAN G. FINESILVER, Chief Judge.

THIS MATTER is before the Court on Defendant K Mart's Motion to Dismiss Plaintiff's Second through Fifth Claims for Relief filed on September 26, 1985. The parties have thoroughly briefed the issues raised in Defendant's motion. We have carefully considered their respective arguments and are of the opinion the motion should be GRANTED as to Plaintiff's Fifth Claim for Relief and DENIED as to the Second through Fourth Claims for Relief.

### I.

Plaintiff was an employee of Defendant K Mart Corporation from May 1, 1974 through April 30, 1985. During some of this time, Plaintiff was the service manager of the automobile service center at the K Mart store located in Ft. Collins.

Plaintiff alleges he was wrongfully accused of stealing store merchandise and of not following store policy. He further alleges that as a result of these accusations he was forced to accept early retirement on March 27, 1985, at the age of fifty-eight.

Plaintiff's complaint states five claims for relief. The first claim for relief arises out of alleged violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. This ADEA cause of action is not the subject of Defendant's Motion to Dismiss.

Plaintiff's second through fifth claims for relief are as follows. The second claim for relief alleges violations of Colo.Rev. Stat. § 8-2-116 (1973), the State Age Discrimination Act. The third claim for relief is based upon the common law tort of outrageous conduct. Plaintiff's fourth claim for relief alleges promissory estoppel against Defendant. The fifth claim for relief alleges a breach of Defendant's covenant of good faith and fair dealing with Plaintiff. Jurisdiction for the second through fifth claims for relief is founded upon 28 U.S.C. § 1332.

### II.

In support of its Motion to Dismiss Plaintiff's Second Claim for Relief, Defendant contends that the Colorado Age Discrimination Act (ADA), Colo.Rev.Stat. § 8-2-116 (1973), does not provide for a private cause of action. While this exact issue has not been determined by Colorado courts, courts in this district have recognized a private cause of action under the Colorado statute.

The issue was first addressed in *Rawson v. Sears Roebuck & Co.*, 530 F.Supp. 776 (D.Colo.1982). In *Rawson*, Judge Kane concluded that the state statute created an implied private right of action. He reasoned that "the Colorado legislature's broad definition of unfair labor practices indicate[d] an intent to create a private right of action to anyone who can prove by a preponderance of the evidence that a defendant had violated a criminal labor statute. *Id.* at 778. In finding that the legislature had created an implied private right of action, the court relied on Colo. Rev.Stat. §§ 8-3-121(1) and 8-3-108(1) (1973). Section 8-3-121(1) provides a private right of action to anyone who suffers an injury because of an unfair labor practice. An unfair labor practice includes the commission of any crime or misdemeanor in connection with any controversy as to employment relations. Colo.Rev.Stat. § 8-3-108(1)(*l*) (1973).

*Rawson* was followed by Judge Carrigan in *Grandchamp v. United Air Lines, Inc.*, 36 Empl.Prac.Dec. (CCH) ¶ 34,987 (D.Colo. 1985) [Available on WESTLAW, DCT database]. In *Grandchamp*, the court concluded that when the ADA is read in conjunction with Colo.Rev.Stat. §§ 8-3-108(1)(*l*) and 8-3-121(1) (1973), an aggrieved person has a civil claim under the ADA. *Id.*

■ We agree with the reasoning of the courts in *Rawson* and *Grandchamp*. Accordingly, Defendant's Motion to Dismiss Plaintiff's Second Claim for Relief is DENIED.

### III.

Defendant next contends that, as a matter of law, Plaintiff has failed to state a claim for outrageous conduct. Under Colorado law, we are to look to the totality of the circumstances to determine whether Plaintiff has stated a cause of action for outrageous conduct. *Zalnis v. Thoroughbred Datsun Car Co.*, 645 P.2d 292, 294 (Colo.Ct.App.1982). *Accord Brenimer v. Great Western Sugar Co.*, 567 F.Supp. 218 (D.Colo.1983).

Applying this totality of the circumstances test, courts have shown a willingness to find a cause of action for outrageous conduct where a plaintiff alleges a series of incidents or a course of conduct rather than a single incident of behavior. *Luna v. City and County of Denver*, 537 F.Supp. 798 (D.Colo.1982); *Zalnis v. Thoroughbred Datsun Car Co.*, 645 P.2d 292 (Colo.Ct. App.1982). *Cf. Rawson v. Sears Roebuck & Co.*, 530 F.Supp. 776, 781 (D.Colo.1982) (complaint did not allege sufficient pattern of conduct or outrageous isolated incident).

To constitute a pattern of behavior, the repeated acts must have been directed towards Plaintiff. Thus, it is not sufficient to allege, as Plaintiff has, that Defendant has forced the early retirement of several other similarly situated persons. *See Brenimer v. Great Western Sugar Co.*, 567 F.Supp. 218, 223–24, (D.Colo.1983) (statistical analysis which shows defendant engaged in pattern of age discrimination insufficient to show repeated acts directed against plaintiff).

In the present case, Plaintiff alleges he was wrongfully accused of stealing store merchandise and of not following store policy. He also alleges that, as a result of these wrongful accusations, he was forced to accept early retirement. Furthermore, Plaintiff alleges his age was the sole, or a substantial, factor in his forced retirement. These actions suggest a repeated pattern of conduct by Defendant which was directed towards Plaintiff.

The allegedly wrongful accusations of theft and failure to follow store policy may not, in isolation, be so egregious as to state a claim for outrageous conduct. However, the alleged age discrimination is a factor to be considered in assessing whether Plaintiff has stated a claim for outrageous conduct. This is particularly true where Congress and the state legislature have enacted statutes to enforce a policy of nondiscrimination. *See Luna v. City and County of Denver*, 537 F.Supp. 798, 800 (D.Colo. 1982) (pattern of defendant's failure to promote plaintiff on several occasions and the alleged racial motivation of defendant's actions sufficient to state a cause of action for outrageous conduct).

■ Under these circumstances, Plaintiff has stated a claim for outrageous conduct sufficient to withstand a Motion to Dismiss. As such, Defendant's Motion to Dismiss Plaintiff's Third Claim for Relief is DENIED.

### IV.

Defendant also moves to dismiss Plaintiff's Third Claim for Relief on the ground that this court lacks subject matter jurisdiction over the claim. Defendant argues that Plaintiff's common law claims for injuries are barred by the Colorado Workmen's Compensation Act, Colo.Rev.Stat. § 8–43–101 *et seq.* (1973). It is Plaintiff's position that the claim for relief is not barred by the Act, as it is based entirely on intentional infliction of emotional distress and does not include a claim for physical injury.

Colorado courts have barred common law claims for intentional infliction of emotional distress where physical injuries are suffered as a result of the intentional acts of an employer. *Ellis v. Rocky Mountain Empire Sports, Inc.*, 602 P.2d 895 (Colo.Ct. App.1979). Colorado has also barred common law causes of action where a physical injury leads to emotional distress. *Kandt v. Evans*, 645 P.2d 1300 (Colo.1982) (en banc).

Colorado courts have not determined whether a mental injury caused by mental distress is barred by the Workmen's Compensation Act. However, within the District of Colorado, courts have held that the Act does not bar a cause of action for intentional infliction of emotional distress where a plaintiff suffers only mental injuries. *Vigil v. Safeway Stores, Inc.*, 555 F.Supp. 1049 (D.Colo.1983); *Luna v. City and County of Denver*, 537 F.Supp. 798 (D.Colo.1983). We agree with the conclusions reached in *Vigil* and *Luna.*

Contrary to Defendant's argument, this case is not controlled by the recent decision in *City of Boulder v. Streeb*, 706 P.2d 786 (Colo.1985) (en banc). The issue before the court in *Streeb* was whether a compensation award is appropriate where job-related mental or emotional stress causes an injury which results in a disability or death. The injury in *Streeb* was of a physical nature, i.e. a fatal cardiac arrhythmia. Thus, the court did not determine whether personal injury within the meaning of Colo.Rev.Stat. § 8–43–104 (1973) includes damages which are solely for mental suffering.

 For these reasons we conclude that Plaintiff's Third Claim for Relief is not barred by the Workmen's Compensation Act. Accordingly, Defendant's Motion to Dismiss Plaintiff's Third Claim for Relief is DENIED.

## V.

Plaintiff's Fourth Claim for Relief is founded upon the theory of promissory estoppel. The theory has been recognized in Colorado. *Mooney v. Craddock*, 530 P.2d 1302, 1305 (Colo.Ct.App.1974). Promissory estoppel has also been recognized within the District of Colorado on facts very similar to those currently before the Court. *Rawson v. Sears Roebuck & Co.*, 530 F.Supp. 776, 781 (D.Colo.1982).

Plaintiff has alleged that Defendant made certain representations, express and implied, which induced him to continue his employment with K–Mart rather than seek employment elsewhere. This is sufficient to state a cause of action under the theory of promissory estoppel. Accordingly, Defendant's Motion to Dismiss Plaintiff's Fourth Claim for Relief is DENIED.

## VI.

Plaintiff's Fifth Claim for Relief alleges that K–Mart breached the covenant of good faith and fair dealing which it owed to him. Such an allegation does not state a claim for which relief can be granted in Colorado. *Corporon v. Safeway Stores, Inc.*, 708 P.2d 1385 (Colo.Ct.App. 1985).

## ORDER

FOR THE REASONS stated above, it is hereby ORDERED that Defendant's Motion to Dismiss Plaintiff's Second through Fourth Claims for Relief are *DENIED.* It is further

ORDERED that Defendant's Motion to Dismiss Plaintiff's Fifth Claim for Relief is *GRANTED.*