Robert A. MARTINEZ, d/b/a Great Southwestern Construction Company, Plaintiff–Appellant,

v.

DENVER TRANSFORMER SALES AND SERVICE, INC., Defendant and Third–Party Plaintiff,

v.

ELECTRIC EQUIPMENT COMPANY, Third–Party Defendant and Additional Third–Party Plaintiff–Appellee,

and

Westinghouse Electric Corporation, Additional Third–Party Defendant–Appellee.

No. 87CA1738.

Colorado Court of Appeals, Div. III.

Aug. 3, 1989.

No appearance for Denver Transformer Sales and Service, Inc.

Wolf & Slatkin, P.C., James A. Shpall and Jonathan L. Madison, Denver, for third-party defendant and additional third-party plaintiff-appellee.

Gorsuch, Kirgis, Campbell, Walker and Grover, Dudley P. Spiller, Jr., Denver, for additional third-party defendant-appellee.

Hall & Evans, Richard M. Lucas and Malcolm S. Mead, Denver, for plaintiff-appellant.

CRISWELL, Judge.

The plaintiff, Robert A. Martinez, appeals the judgment of the trial court which dismissed the third-party claim asserted by defendant, Denver Transformer Sales and Service, Inc. (Denver Transformer), against third-party defendant, Electric Equipment Company (Electric Equipment), and the claim Electric Equipment had asserted against the additional third-party defendant, Westinghouse Electric Corp. (Westinghouse). Plaintiff contends that, by reason of a settlement agreement entered into between plaintiff and Denver Transformer, plaintiff was authorized to pursue the claim Denver Transformer had asserted against Electric Equipment. We affirm.

Plaintiff purchased 21 high voltage electric transformers from Denver Transformer. When these transformers allegedly failed to meet the required specifications, plaintiff instituted suit against Denver Transformer, asserting three claims for relief: breach of an express contract, breach of an implied warranty of merchantability, and breach of an implied warranty of fitness for a particular purpose.

Denver Transformer impleaded Electric Equipment, which had supplied the transformers to it, under C.R.C.P. 14(a). Its third-party complaint asserted that Electric Equipment was liable to it for "the entire amount of damages that may be imposed upon" it under plaintiff's complaint. This pleading contained three claims for relief based upon the identical three legal theories adopted in plaintiff's prior pleading.

After Electric Equipment was joined as a third-party defendant, it also asserted a third-party complaint against Westinghouse, which manufactured the transformers. Its complaint also contained three claims for relief, based upon the same three legal theories previously asserted, and it requested a judgment against Westinghouse for any amounts entered as a judgment against it on Denver Transformer's claims.

Thus, each of the third-party complaints explicitly limited its request for damages to the amount for which that third-party plaintiff might be found to be liable. Neither requested any further or additional damages, although Electric Equipment demanded a judgment for any attorney fees it might incur in the litigation.

After these pleadings were filed, plaintiff entered into a settlement agreement with the defendant, Denver Transformer. Pursuant to this agreement, Denver Transformer confessed judgment in plaintiff's favor and assigned to plaintiff the claim that it had asserted in its third-party complaint against Electric Equipment. In return, plaintiff agreed that he would not execute upon any judgment that might enter against Denver Transformer. In addition, Denver Transformer agreed to take back the transformers it had sold to plaintiff, to perform any necessary reconditioning work upon them at plaintiff's cost, and to attempt to re-sell them. If they were resold, plaintiff was to receive the sale proceeds, less the cost of reconditioning and less a standard sales commission that Denver Transformer was to receive.

Upon being advised of this settlement agreement, the trial court dismissed both third-party complaints. It concluded that Denver Transformer would suffer no loss or damage as a result of its agreement with plaintiff, and thus, it could not recover on its claims against Electric Equipment. Likewise, it concluded that Electric Equipment could not recover against Westinghouse.

Although we do not adopt the same basis for our affirmance as the trial court did for its judgment of dismissal, we conclude that that judgment was correct. Hence, it must be affirmed. *See Cole v. Hotz,* 758 P.2d 679 (Colo.App.1987).

Plaintiff asserted no claim in his own behalf against either Electric Equipment or Westinghouse; it was only through Denver Transformer's assignment to plaintiff of the claims filed by it "in the within action" that plaintiff asserted any entitlement to pursue a claim against Electric Equipment. And, the claims asserted by Denver Transformer against Electric Equipment were asserted under the auspices of C.R.C.P. 14(a).

■ C.R.C.P. 14(a) authorizes a defendant to assert a claim against another party "who is or may be liable to him for all or part of the plaintiff's claim against him." Thus, the only claims that may be countenanced under this rule are those that would result in a judgment against a third party for all or some part of the judgment entered against a defendant on a plaintiff's claim; it does not authorize the filing of separate and independent claims against a third party. *Public Service Co. v. District Court,* 638 P.2d 772 (Colo.1981).

The purpose of C.R.C.P. 14(a) is to "substitute a third party for the claim being brought by the plaintiff." *Packaging Corp. v. Industrial Commission,* 173 Colo. 212, 477 P.2d 367 (1970). Thus, "if the defendant has no liability to the plaintiff, then the third party defendant has no liability to the defendant-third party plaintiff." *Faser v. Sears, Roebuck & Co.,* 674 F.2d 856 (11th Cir.1982).

■ If a plaintiff and a defendant enter into a settlement agreement that results in a payment or other cost to that defendant, that payment or other cost may be considered damage to that defendant and such damage may be collected from a third-party defendant, provided it is demonstrated that defendant was reasonable and prudent in entering into that agreement. *See Moses–Ecco Co. v. Roscoe–Ajax Corp.,* 320 F.2d 685 (D.C.Cir.1963).

■ In this case, however, the settlement agreement between plaintiff and Denver Transformer resulted in no payment or other cost to Denver Transformer; on the contrary, plaintiff expressly agreed that it would not execute upon any judgment that it might obtain against Denver Transformer, and in addition, Denver Transformer was to be paid a sales commission upon resale of the transformers. Therefore, we conclude that, under these circumstances, Denver Transformer no longer possessed a viable third-party claim against Electric Equipment for which it could collect damages under C.R.C.P. 14(a). Likewise, Electric Equipment could assert no C.R.C.P. 14(a) claim against Westinghouse.

We do not determine, of course, whether any of the parties had any separate or independent claims that could be asserted in other proceedings not governed by C.R. C.P. 14(a).

Judgment affirmed.

NEY and RULAND, JJ., concur.