No. 9611.

INDUSTRIAL COMMISSION, ET AL. *v.* KOPPERS COMPANY, ET AL.

INDUSTRIAL COMMISSION—*Findings of* are not to be vacated or disregarded by the court when supported by sufficient competent evidence. The courts are not to say that the Commission misconstrued its probative effect.

*Error to Denver District Court, Hon. Julian H. Moore, Judge.*

Hon. VICTOR E. KEYES, attorney general, Mr. JOHN S. FINE, assistant attorney general, and Mr. WALTER E. SCHWED, for plaintiffs in error.

Mr. FRANK C. GOUDY, Mr. E. P. STEINHAUER and Mr. J. H. BURKHARDT, for defendants in error.

Mr. Justice Bailey delivered the opinion of the court.

THIS was an action before the Industrial Commission by the dependents of Alfred Carlson, a minor, to secure compensation for the death of Alfred, who was killed while employed by The Koppers Company, one of the defendants in error. After a hearing the plaintiffs were awarded compensation in the sum of $429.68, to be paid in instalments. The defendants, after having been denied a rehearing by the commission, brought this action to set aside such findings and award. The District Court, upon the ground that

the deceased by disregarding his instructions as to the method to be employed in doing his work, had taken himself without the Act, entered an order in compliance with such request. Plaintiffs bring that judgment here for review.

The essential facts are that Carlson was employed by the Koppers Company as a rivet boy, and his duties were to carry rivets and other supplies to workmen employed by the company. He had been so engaged for some three or four months prior to his death. At the time of the accident he was at work with another boy, in hoisting rivets and coal, by means of a rope and pulley, to workmen who were erecting tanks at the top of a structure some seventy-five or eighty feet from the ground.

On the day of the accident young Carlson told his fellow worker that he had discovered a new way to hoist the rivets, and in pursuance of which he climbed about twenty-five feet up the scaffolding, seized the hoisting rope, to the other end of which a bag of rivets was attached, and jumped to the ground, upon the theory that his weight would counterbalance that of the rivets, and so hoist them to the workmen above. As he reached the ground his head struck the bottom of the scaffolding, he lost hold of the hoisting rope and the bag of rivets fell upon his stomach in such a way as to fatally injure him.

Numerous questions have been discussed by counsel, but one only need be determined and that is whether there is sufficient evidence to support the findings of fact by the Commission. At the hearing before the Commission the evidence was in conflict as to whether Carlson had violated his contract of employment by ignoring his instructions in relation to the way in which he should hoist the rivets. The foreman, under whom Carlson was employed, testified that he had instructed the two boys, Carlson and another, who were working together, to hoist rivets only when standing on the ground, and that they were not to climb upon buildings or scaffolding, even to put the hoisting apparatus into position. On the other hand, the boy who was a fellow

workman with Carlson, engaged in the same task, testified that the only instruction given them was in effect that they were to get the rivets and other supplies to the workmen: "That they were to get the rivets to the top." While it may be conceded that Carlson at the time he met with the fatal accident was performing the duties of his employment in an unusual and dangerous manner, this fact, in and of itself alone, does not place him outside the provisions of the Compensation Act.

As detailed above, the manner in which Carlson was instructed to do his work is in dispute, and the testimony conflicting. In *Passini v. Industrial Commission,* 64 Colo. 349, 171 Pac. 369, this court, in discussing the effect of the findings of the Commission upon disputed questions of fact, at page 350, said:

"This court may consider only the legal question of whether there is evidence to support the findings, and not whether the commission has misconstrued its probative effect. The award is conclusive upon all matters of fact properly in dispute before the Commission, where supported by evidence, or reasonable inference to be drawn therefrom." (Citing authorities.)

So, also, in *Industrial Commission v. Johnson,* 66 Colo. 293, 181 Pac. 977, this court, in reversing a judgment of the District Court upon an appeal thereto from the findings and award of the Industrial Commission, quotes with approval from *Passini v. Industrial Commission,* and further says, at page 295:

"It is not necessary to determine this case upon a question of procedure, as it conclusively appears from the record that in entering the award the district court absolutely ignored and refused to recognize the findings of fact of the Commission, and reached a conclusion and rendered judgment contrary to and plainly inconsistent with such findings."

The question of whether a claimant may place himself outside the provisions of the Compensation Act, by disregarding his instructions, and performing his work in a man-

ner contrary thereto, need not be discussed on this appeal, because the testimony as to what his instructions were is in conflict, and the commission held contrary to the contention of the defendants in error on that point. Since the commission, on conflicting testimony, found in effect that Carlson had not violated his contract of employment by disregarding instructions, there being ample competent evidence to support such finding, we cannot, under the settled law of this jurisdiction, interfere therewith.

There is no other contention upon which the judgment of the District Court can be upheld and it is therefore reversed and the cause remanded, with directions to it to affirm the findings and the award of the commission.

Judgment reversed and cause remanded with directions.

Decision *en banc.*