## No. 14,809.

### Industrial Commission et al. *v.* Strome.

(108 P. [2d] 865)

Decided November 25, 1940.  Rehearing denied January 6, 1941.

Mr. Byron G. Rogers, Attorney General, Mr. Frank A. Bruno, Assistant, Mr. Harold Clark Thompson, Mr. Louis Schiff, for plaintiffs in error.

Mr. Thomas K. Hudson, for defendant in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

PLAINTIFFS in error are hereinafter referred to as the Commission, the Fund, and the Company, respectively, and defendant in error as Strome.

This is a workmen's compensation case. Strome made claim for an injury inflicted by another employee of the company. The defense was that the injury did not arise out of the employment. The referee found for Strome but the Commission entered an award against him. The court reversed that award and ordered compensation. To review that judgment this writ is prosecuted.

While discharging his duty as an employee of the Company, Strome, in a stooping position attending to a hot water heater, was struck on the head by a shovel wielded by a fellow employee. He protested ignorance of the cause of the assault, and the record discloses no motive. It is undisputed that the injury arose "in the course of" the employment. The sole question is, Did it "arise out of" it?

■■ Numerous authorities for affirmance and reversal are cited, but despite valiant and laudable attempts to reconcile and distinguish them we think they are in conflict. The general rule, with the reasoning supporting it, seems thus fairly stated: "Ordinarily assault by coemployees cannot be considered as incidental to the employment; and so an injury to an employee assaulted by a fellow workman does not generally arise 'out of the employment'." Here follows illustrations. "Injuries resulting from an assault may, however, be found to arise out of or in the course of the employment where the assault is one which might be reasonably anticipated because of the general character of the work, or of the particular duties imposed on the workman." Here follows illustrations. "Such cases necessarily present close questions of fact, however, and it has been held that, where the dispute was about a past event and had no relation to, or connection with, the present work or present conditions, the injury was not compensable." 71 C.J., 688, §432 (h).

"The burden is on the plaintiff to reasonably satisfy the trial court that the accident arose out of and in the course of the workman's employment, * * *." *Ex parte Coleman,* 211 Ala. 248, 100 So. 114; *Madden's Case,* 222 Mass. 487, 495, 111 N.E. 379, L.R.A. 1916 D 1000.

The rule is probably supported by the weight of authority but, be that as it may, it is the rule adopted in this jurisdiction. "We must first find that the accident originated in a risk peculiar to the employment, and that there is a causal connection between the employment and the accident or injury. * * * The burden rested on the claimant to establish such facts as were necessary to a legal award based upon a causal connection between the accident and the employment. The basis of such facts must be more than a mere possibility * * *. It is not shown that the employment in any way brought on the attack. It was a willful assault, unexplained by a single word of the evidence; * * * Before claimant can secure the benefits of the Workmen's Compensation Act, he must trace the injury to a connection with the employment as a contributing proximate cause." *Rocky Mt. Fuel Co. v. Kruzic,* 94 Colo. 398, 30 P. (2d) 868.

In the instant case the assailant was a fellow employee who struck with a shovel. In the Kruzic case he was an outsider who fired a shot. Otherwise they are identical. How that distinction can affect the rule, or the reasons supporting it, we have not been advised and have failed to discover. Inferentially counsel answers the Kruzic case by quoting this writer's special concurrence in *Aetna Co. v. Industrial Com.,* 81 Colo. 233, 235, 254 Pac. 995. But the agency involved there was lightning, which does not search out its victim as does an infuriated personal antagonist. Duty holds the employee to the place where the lightning comes. Elsewhere he would have escaped. The assailant comes where the employee is. If that be on the job it is merely incidental; if not there, the assault would presumably have happened elsewhere.

That this injury was one "arising out of" the employment claimant was bound to establish. He has wholly failed to do so.

The judgment is accordingly reversed and the cause remanded for further proceedings in harmony herewith.

MR. CHIEF JUSTICE HILLIARD· and MR. JUSTICE BAKKE concur.