No. 17,863.

WILLIAM HENRY WISDOM *v.* INDUSTRIAL COMMISSION OF COLORADO, ET AL.

(293 P. [2d] 967)

Decided February 20, 1956.

Mr. JACK MERWIN, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. PETER L. DYE, Assistant, for defendant in error Industrial Commission of Colorado.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

CLAIMANT, now plaintiff in error, on June 29, 1954, was an employee of the Clevenger Land and Cattle Company, and as a result of a fight with a fellow employee sustained injuries for which he filed claim for compensation on June 2, 1955. Hearing on the claim was held at Pueblo in July 1955 and in August the referee entered an award dismissing plaintiff's claim. The award was affirmed by the Industrial Commission and the statutory proceedings for review followed. On December 8, 1955, the award and final order of the Industrial Commission was affirmed by the district court.

The only question presented by this record is whether

or not the injuries received by claimant were proximately caused by accident arising out of and in the course of his employment.

It appears that claimant and his claimed assailant were fellow employees of equal status so far as superiority or rank was concerned. While in the course of their work in rounding up and separating cattle on the ranch they met and without any previous known ill feeling, and without any provocation whatever the fellow employee asked claimant how long it would take him to get off his horse. Claimant dismounted and a fight followed resulting in the injuries complained of. The real cause of the altercation is unknown; however, it does appear that it was not a dispute concerning the work or duties of either. Claimant in testifying before the referee, after describing the attack responded to the following interrogatories by the referee:

"Q. What was all the bad blood about? What was he mad at you for? A. I never did know until that night at the preliminary hearing. He supposed I was jealous of him or his job. Q. What did he testify to? A. He told the judge that he didn't know unless I was jealous of him or his job. Q. What has your jealousy got to do with his * * * A. That I don't know."

The hearing referred to was on a complaint filed by claimant before a justice of the peace and upon the hearing defendant entered a plea of guilty and wanted to pay a fine, but this was not accepted by the justice of the peace, who found him guilty and bound him over to the district court under bond.

■ Ordinarily assaults by co-employees are not considered as incidental to the employment and do not arise "out of employment." If an assault might reasonably be anticipated because of the general nature or character of the employment, then in some instances, controlled entirely by the facts presented, injuries received as a result thereof are compensable.

■ If jealousy on the part of this claimant or of his

fellow employee existed, its cause is unknown or un-explained and it is not shown that it was caused or existed as a result of any relation to, or connection with, the employment of the parties at the time of the assault. It certainly could not be claimed that the dispute involved had even a remote connection with the employment of these men. The accident, if such it was, did not originate in any risk peculiar to the work. Claimant had the burden of establishing a causal connection between the altercation and his employment, which is not met by inferences. Apparently this was a willful assault for which no satisfactory explanation was offered and it is not shown that the employment of either party had anything to do with the attack. The instance described certainly could not reasonably be anticipated from the duties imposed on claimant by his employment, and it is apparent that the referee reached this conclusion as evidenced by his statement in the award, as follows:

" * * *. The cause of the encounter is unknown but it appears not to have been occasioned from any dispute over the work either was employed to perform."

The referee then concluded the order and award by citing and quoting from *Industrial Commission v. Strome*, 107 Colo. 54, 108 P. (2d) 865.

We believe the principles announced in the Strome case, applied to a somewhat similar set of facts, are generally controlling here.

It is the contention of claimant, now plaintiff in error, that the undisputed testimony explains the cause of the encounter as being a case of jealousy over the employment of claimant; he further contends that the employment brought on the attack; and finally, that jealousy over the employment occasioned the dispute. The cold fact of jealousy between employees, and an altercation arising therefrom, is not an incident of the employment or connected therewith as contemplated in our compensation statutes. The award, if any, must be based upon competent evidence and it appears here that

the referee and the Commission clearly determined that claimant had not suffered injuries proximately caused by an accident arising out of and in the course of employment. These findings, supported by the record, were sustained by the trial court and its judgment is affirmed.