539 P.2d 487 (1975)
ALPINE ROOFING COMPANY, and Division of State Compensation Insurance Fund, Petitioners,
v.
James Patrick DALTON and Industrial Commission of Colorado, Respondents.
No. 74-537.
Colorado Court of Appeals, Div. II.
August 6, 1975.
*488 William J. Baum, Paul J. McSwigan, Robert S. Ferguson, Denver, for petitioners.
Ashen & Fogel, George T. Ashen, John F. Griebel, Denver, for respondent James Patrick Dalton.
J. D. MacFarlane, Atty. Gen., Edward G. Donovan, Sol. Gen., John Kezer, Asst. Atty. Gen., Denver, for respondent Industrial Commission of Colorado.
Not Selected for Official Publication.
SILVERSTEIN, Chief Judge.
Petitioners, Alpine Roofing Company (Employer) and the Division of State Compensation Insurance Fund, seek review of a final order of the Industrial Commission which granted James Patrick Dalton's claim for workmen's compensation benefits for injuries sustained in an assault by Employer's foreman. We affirm.
The sole issue raised by petitioners is whether the claimant's injury was proximately caused by an accident arising out of and in the course of his employment as required by § 8-52-102(1)(c), C.R.S.1973. The referee found that it was, and the Industrial Commission approved, affirmed, and adopted the referee's findings. Petitioners contend that the Commission's order is contrary to the evidence and to the law.
From the findings of fact made by the referee and the undisputed evidence in the record, it appears that claimant was employed as a roofer on July 13, 1971. Upon arriving at work at 6 a. m. that morning, he went immediately to the employer's office and inquired about an alleged shortage in his paycheck for the previous week. The employer explained that the foreman had turned in one hour less than the number of hours claimed by claimant and that he was bound to pay according to the foreman's figures. Claimant was fired by his employer at the end of their discussion.
Upon leaving the employer's office, claimant approached the foreman in the yard outside to inquire of him the reason for the time card discrepancy. An argument developed between them, during which time claimant called the foreman a vulgar name. When the claimant began to walk towards his car, the foreman followed him and asked him to repeat the name he had called him. Claimant did so, and the foreman struck him in the face with his fist, breaking his jaw.

I.
Petitioners argue that claimant's injuries did not arise "in the course of his employment" since he had been discharged several minutes prior to the assault. We find no merit in this contention. "Injuries incurred by an employee while leaving the premises, collecting pay, or getting his clothes or tools within a reasonable time after termination of the employment are within the course of employment, since they are normal incidents of the employment relation." 1 A. Larson, The Law of Workmen's Compensation § 26.00. See also Hill v. Gregg, Gibson & Gregg, Inc., 260 So.2d 193 (Fla.1972).

II.
Before a claimant can secure the benefits of the Workmen's Compensation Act in Colorado, he must trace the injury *489 to a connection with the employment as a contributing proximate cause. Industrial Commission v. Strome, 107 Colo. 54, 108 P.2d 865.
"Ordinarily assaults by co-employees are not considered as incidental to the employment and do not arise `out of employment.' If an assault might reasonably be anticipated because of the general nature or character of the employment, then in some instances, controlled entirely by the facts presented, injuries received as a result thereof are compensable." Wisdom v. Industrial Commission, 133 Colo. 266, 293 P.2d 967.
Petitioners contend that the motivation for the assault was personal in nature and not causally connected with claimant's employment. We disagree.
"The act of discharging an employee is an integral part of the employment relationship, making injuries arising out of discharge causally connected to that employment." Hill v. Gregg, Gibson & Gregg, Inc., supra.
Claimant testified that the entire incident, beginning with the conversation in the office and ending with the assault, occurred within a period of five minutes. The foreman testified that the assault occurred "right at six, maybe three minutes after." In Tiger Motor Co., Inc., v. Winslett, 278 Ala. 108, 176 So.2d 39 (1965), it was held:
"We would not be willing to say that [the supervisor's] anger, culminating in the physical attack on [claimant], was not in some degree generated by the emphatic protest taking place before the utterance of the epethet. We think that a reasonable view of the evidence would suggest that [the supervisor's] conduct in committing the assault was partly induced by a temper that was kindled and set in motion when [claimant], maybe untactfully, accused [the supervisor] of wrongfully removing the `transmission' listing on the payroll. We, therefore, trace the resultant injuries to a proximate cause set in motion by the employment, and not by some other agency."
Whether the claimant was injured as the result of an accident arising out of his employment must be determined on the particular facts of each case. Gates Rubber Co. v. Industrial Commission, 112 Colo. 480, 150 P.2d 301. The award, if any, must be based upon competent evidence and here the determination of the referee and the Commission that claimant suffered injuries proximately caused by an accident arising out of his employment is supported by the record. "The determinative question was factual, and we have repeatedly held that the Industrial Commission is the fact-finder in compensation cases and that we will not interpose our factual judgment for its determination in a dispute between the parties." Sharmar Nursing Home v. Industrial Commission, 160 Colo. 197, 416 P.2d 161.
The order is affirmed.
RULAND and KELLY, JJ., concur.