**Charles EASON, Plaintiff-Appellant,**

v.

**FRONTIER AIR LINES, INC., a Nevada corporation licensed to do business in the State of Colorado and The Clerical Office, Fleet And Passenger Service Employees as represented by the Airline Employees Association, International, Defendants-Appellees.**

No. 79–1486.

United States Court of Appeals, Tenth Circuit.

Argued Nov. 18, 1980.

Decided Jan. 7, 1981.

Donald A. Brenner, Denver, Colo., for plaintiff-appellant.

Andrew J. Friedrich, Denver, Colo. (Weller, Friedrich, Hickisch & Hazlitt, Denver, Colo., with him on the brief), for defendant-appellee Frontier Air Lines, Inc.

John A. Criswell, Englewood, Colo. (Criswell & Patterson, Englewood, Colo. and Wyatt Johnson, Chicago, Ill., with him on the briefs) for defendant-appellee Airline Employees Association, International.

Before McWILLIAMS, BREITENSTEIN and LOGAN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

In this action arising under the Railway Labor Act, 45 U.S.C. § 151 et seq., plaintiff-appellant seeks to recover "lost wages and benefits" resulting from a violation of a contract between a commercial air carrier and the union representing its employees. Jurisdiction is conferred by 28 U.S.C. § 1337 and 45 U.S.C. § 152 which applies to air carriers by 45 U.S.C. §§ 181 and 182. On motion of defendants, the district court dismissed the action. We affirm.

Plaintiff-appellant Eason was an employee of defendant-appellee Frontier Air Lines, Inc., an authorized carrier of passengers and freight in interstate commerce. For collective bargaining purposes plaintiff and others in his group of employees were represented by the defendant-appellee Airline Employees Association, International, the Union. The agreement between Frontier and the Union provided a grievance procedure to process employee claims of contract violations.

Plaintiff alleges that, in the course of his employment by Frontier, he suffered a back injury in April, 1975. His doctor recommended a return to light work in November, 1976. Frontier did not follow that recommendation. Plaintiff requested that the Union present a grievance that he be placed on "light duty" or be assigned work "in the same classification and location" formerly available. The Union did not present his grievance. While acting as a ramp agent at Pueblo, Colorado, plaintiff was required to lift heavy objects and sustained a back injury causing an alleged total and permanent disability. Plaintiff says that "as a result of Defendant Union's breach and Defendant Company's action" he has lost wages and benefits in the amount of approximately One Million Dollars.

The district court sustained the Frontier motion to dismiss on the ground that the Colorado Workmen's Compensation Act, C.R.S. 1973 § 8–40–101 et seq., provided plaintiff with an exclusive remedy. Section 8–42–102 provides that, with immaterial exceptions, an employer complying with the act is not subject "to any other liability for the death of or personal injury to any employee," and abolishes "all causes of action, actions at law, suits in equity, proceedings, and statutory and common law rights and remedies" except as provided in the act. Attached to Frontier's motion to dismiss, and not contested by plaintiff, is a copy of his claim for compensation under the Colorado act and of an award of compensation.

■ To avoid the exclusivity of the Colorado act, plaintiff relies on his allegation that the actions of Frontier "were intentional, willful and deliberate and unlawful in violation of the Agreement" between Frontier and the Union. The allegation is general and not specific. No claim is made that Frontier in any way inhibited the operation of the grievance procedure. Colorado has held that a claim of an intentional tort does not avoid the applicability of the Colorado Workmen's Compensation Act. *Ellis v. Rocky Mountain Empire Sports, Inc.,* Colo.App., 602 P.2d 895. See also *Arrington v. Michigan-Wisconsin Pipeline Company,* 10th Cir., 1980, 632 F.2d 867, relating to the Oklahoma Workmen's Compensation Act.

■ The effort to avoid the exclusivity of the Colorado statute on the ground of intentional action by Frontier fails. Colorado

has held that an intentional tort is no bar. An intentional contract violation is of no greater significance. If Frontier improperly refused plaintiff's reclassification, the remedy is provided by the grievance procedure of the bargaining agreement. Frontier did nothing to prevent plaintiff's pursuit of that remedy. The district court properly dismissed the action against Frontier.

■ Plaintiff's claim against the Union is based on its failure to process his grievance. As representative of employees the Union must represent them fairly and in good faith. *Hines v. Anchor Motor Freight*, 424 U.S. 554, 569, 96 S.Ct. 1048, 1058, 47 L.Ed.2d 231, and *Vaca v. Sipes*, 386 U.S. 171, 194, 87 S.Ct. 903, 918, 17 L.Ed.2d 842. The rule applies to proceedings under the Railway Labor Act. *Steele v. Louisville & N.R. Co.*, 323 U.S. 192, 198–199, 65 S.Ct. 226, 230, 89 L.Ed. 173, and *Czosek v. O'Mara*, 397 U.S. 25, 28, 90 S.Ct. 770, 772, 25 L.Ed.2d 21. *Czosek*, Id., recognizes that a claim against a union for breach of its duty of fair representation is a discrete claim apart from the right of individual employees, under the Railway Labor Act, to pursue their employer before the National Railroad Adjustment Board.

*Hines v. Anchor, Czosek v. O'Mara* and *Vaca v. Sipes*, all supra, were discharge cases. So also was *Foust v. International Broth. of Elec. Workers*, 10 Cir., 572 F.2d 710, 717–718, reversed on a question of punitive damages, 442 U.S. 42, 99 S.Ct. 2121, 60 L.Ed.2d 698. Here we have a personal injury claim which cannot be maintained against Frontier because of the Colorado statute. The Union failure to process the grievance is immaterial because it could not have accomplished anything. The injury had been received and recovery against Frontier was barred by the Colorado statute. The complaint alleges that plaintiff returned to work on November 13, 1976. His state compensation claim shows that the injury occurred November 30, 1976, and that it was "reinjury of 4/10/75." Nothing shows when plaintiff requested the Union to present his grievance. Plaintiff does not allege that he suffered any damages, other than those arising from this injury.

■ No action of the Union had anything to do with plaintiff's injury, which apparently occurred 17 days after his return to work. The record does not contain the bargaining agreement or the grievance procedure. Be that as it may, plaintiff may not convert a claim for personal injury in the course of employment to a claim against the Union for unfair representation. We agree with the trial court that it would be anomalous to expose the Union to a claim for that injury when Colorado law provides an exclusive remedy for the injury. The court properly dismissed the claim against the Union.

Affirmed.