Laura Ann **BANKS**, Petitioner,

v.

The **INDUSTRIAL CLAIM APPEALS OFFICE OF** the State of Colorado; State of Colorado, Division of Labor; Rocky Flats; and Travelers Insurance Company, Respondents.

No. 89CA0301.

Colorado Court of Appeals, Div. IV.

Jan. 18, 1990.

Rehearing Denied Feb. 22, 1990.

Certiorari Denied July 30, 1990.

Green & Josefiak, P.C., Mary M. Josefiak, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Paul H. Chan, Asst. Atty. Gen., Denver, for respondents Industrial Claim Appeals Office and Div. of Labor.

Blackman & Levine, Lawrence D. Blackman, Denver, for respondents Rocky Flats and Travelers Ins. Co.

Opinion by Judge CRISWELL.

Claimant, Laura Ann Banks, seeks review of an order of the Industrial Claim Appeals Office (Panel) denying her claim for workmen's compensation benefits from her employer, Rocky Flats. The Panel's decision left intact the conclusion by the administrative law judge (ALJ) that Colorado law prohibits a recovery of benefits by an employee who suffers injuries at the hands of a co-employee as a result of a physical altercation if the claimant is the initial aggressor in the dispute. We set aside the Panel's award and remand for further proceedings.

Several days before the incident giving rise to claimant's injuries, she witnessed what she concluded was the theft of crackers by several employees from the cafeteria located on the employer's premises, and she reported the incident to the cafeteria's cashier. The cashier later told the other employees of claimant's report.

On the date of the incident in which claimant was injured, she was confronted by one of the employees against whom claimant had made her accusation of theft. This employee told claimant that she was "tired of [claimant] getting into other [employees'] business." When claimant attempted to leave the confrontation, the other employee told her that claimant had to listen to her.

Claimant then struck the other employee and the two began fighting. After being separated by other employees, claimant attempted to continue the affray. Although she went to her own locker, claimant later returned to the other employee's location and stabbed her with a screw driver.

The ALJ ruled that the injuries suffered by the claimant in the affray did not arise out of her employment. Relying upon *Wisdom v. Industrial Commission*, 133 Colo. 266, 293 P.2d 967 (1956), he concluded that such injuries are compensable only if the assault that caused the injuries can reasonably be anticipated because of the nature of the employment. He found that claimant, in striking the first blow, caused the altercation with the other employee and that all the "natural consequences" flowing from complaint's actions, including her injuries, were outside the scope of her employment.

The two participating panel members disagreed as to the propriety of the ALJ's legal conclusion in this respect, and as a result of an equal division between them, the ALJ's award was approved by operation of law. *See In re Death of Ferguson v. Rockwell International Corp.*, 734 P.2d 131 (Colo.App.1986).

**1064**

■ Claimant argues before this court that the identity of the initial aggressor in a physical altercation between two employees is legally irrelevant to the determination of the compensability of any injuries. She contends, rather, that under the tests adopted by the supreme court in *In re Question Submitted by U.S. Court of Appeals*, 759 P.2d 17 (Colo.1988), it is the nature of the dispute and its nexus to employment conditions, and not the relative fault of the participants, that is the important consideration. We agree.

In *Question Submitted*, the supreme court concluded that, for purposes of the workmen's compensation act, assaults upon employees fall within three categories: (1) those having an "inherent connection" with the employment; (2) those involving an "inherently private" dispute; and (3) those that might be said to be "neutral."

The supreme court there also noted that it is "universally agreed" that injuries resulting from assaults by co-employees have an "inherent connection" with employment conditions if they grow out of an argument over such conditions. In addition, even though the subject matter of the argument is a personal one, if it was the circumstance of their mutual employment that brought the participating employees together and "created the relationship and condition" that resulted in the dispute, any injuries are considered to be employment related. *See Alpine Roofing Co. v. Dalton*, 36 Colo. App. 315, 539 P.2d 487 (1975).

On the other hand, if the dispute relates solely to a personal matter between the combatants, not arising from the employment relationship, any injuries resulting from that dispute have no "nexus" to their employment, do not "arise out of" that employment, and are not, therefore, compensable. *Question Submitted, supra. See Velasquez v. Industrial Commission*, 41 Colo.App. 201, 581 P.2d 748 (1978).

Thus, to the extent that any rule enunciated in *Wisdom v. Industrial Commission, supra*, would render injuries occasioned by an assault non-compensable unless the nature or character of the employment would cause the assault to be reason-ably anticipated, such rule was necessarily modified by the *Question Submitted* analysis.

■ Here, therefore, the factual issue that the ALJ was required to resolve was whether the dispute involved employment conditions or whether it was solely a private matter between claimant and her co-employee. While the ALJ made no findings upon this issue, the testimony established that the argument resulted from the claimant's report that co-employees were stealing property from the employer's premises. Indeed, this record is barren of any suggestion that the dispute between claimant and the co-employee related to any other subject. This being the case, the dispute had an "inherent connection" to claimant's employment, as a matter of law. *See Question Submitted, supra*. Any contrary conclusion would not be supported by substantial evidence.

Thus, the legal issue presented to us is whether an injury, which would otherwise be compensable, is rendered noncompensable because the claimant was the "initial aggressor." A majority of courts that have passed upon this issue have concluded that a claimant's initial aggression does not bar that employee's receipt of workmen's compensation benefits. We agree with this majority rule.

■ It is fundamental that eligibility for workmen's compensation benefits is not dependent upon fault. *See Industrial Commission v. Koppers Co.*, 66 Colo. 596, 185 P. 267 (1919). Further, an employee's activity may arise out of his employment even if it provides no specific benefit to the employer. *Boulder v. Streeb*, 706 P.2d 786 (Colo.1985).

For these reasons, the majority rule is that the courts will not look to the relative fault of the combatants to determine eligibility for receipt of benefits. If injuries occur as a result of a physical altercation which stems from a dispute having a substantial connection with their employment, the employees are entitled to compensation for such injuries, regardless of the identity of the party initiating the altercation. *See*

*Springston v. IML Freight, Inc.,* 10 Kan. App.2d 501, 704 P.2d 394 (1985); *Colvert v. Industrial Commission,* 21 Ariz.App. 409, 520 P.2d 322 (1974); 1 A. Larson, *Workmen's Compensation Law* § 11.15 (1989). *Contra Fischer v. Industrial Commission,* 408 Ill. 115, 96 N.E.2d 478 (1951).

■ Thus, because the record here affirmatively discloses that claimant's injuries resulted from a dispute with a co-employee that had a substantial connection with employment conditions, the ALJ's finding that claimant was the initial aggressor does not render her ineligible for benefits. The altercation, having a substantial nexus to claimant's employment, arose out of that employment and was within its scope.

The order of the Panel is set aside, and the cause is remanded to it for further proceedings consistent with the views contained here.

HUME and NEY, JJ., concur.