Charles R. **VENTURA**, III,
Plaintiff–Appellant,

v.

**ALBERTSON'S, INC.**, Dennis Foose,
and Ryan Dorman, Defendants–
Appellees.

No. 91CA1756.

Colorado Court of Appeals,
Div. IV.

Dec. 17, 1992.

As Modified on Denial of Rehearing
Feb. 11, 1993.

Certiorari Denied July 26, 1993.

Ronald D. Jung, Todd J. Cason, Boulder, for plaintiff-appellant.

Watson, Nathan & Bremer, P.C., Mark H. Dumm, Heidi J. Hugdahl, Denver, for defendants-appellees.

Opinion by Judge METZGER.

The plaintiff, Charles R. Ventura, III, appeals from the district court's summary judgment dismissal of his tort action against his employer, Albertson's, Inc., and certain of his co-employees for assault and battery, intentional infliction of emotional harm, and false imprisonment arising out of a physical altercation at an Albertson's store. The district court determined that the action is barred by the exclusivity provisions of the Workers' Compensation Act, § 8-40-101, et seq., C.R.S. (1992 Cum. Supp.). We agree and affirm the judgment of dismissal.

The following facts were submitted to the trial court in the form of affidavits and deposition excerpts. On July 3, 1990, plaintiff completed his work shift, punched off the time clock, and went to the employee lounge to deposit his work materials. He was upset about recent changes to the employees' work schedule that had allegedly been implemented in violation of a union contract.

While in the employee lounge, plaintiff and two other employees discussed their dissatisfaction with the recent schedule changes. At that point, the store director entered the lounge and instructed plaintiff not to harass the other employees and to come to him with any problems. Plaintiff then left the store.

Outside, plaintiff began talking with another employee about his difficulties with management. The store director then exited the store and informed plaintiff that he was being suspended without pay for two days for insubordination.

Plaintiff responded that he was on his own time and could say what he wanted; he started to go back into the store. The store director blocked the door with his arm, and a physical altercation then ensued during which the plaintiff was injured, though the parties dispute which individual initiated the fight. The store director and the assistant store director subdued the plaintiff and carried him to the store office where he remained, protesting physically and verbally all the while, until police arrived. According to plaintiff, he was not allowed to punch back in on the time clock so as to involve the union in the dispute.

Following the incident, plaintiff's employment was terminated for gross misconduct, insubordination, and fighting on the premises. Plaintiff, acting *pro se*, filed a claim for unemployment compensation benefits. Albertson's denied liability. However, after a lengthy hearing during which plaintiff was represented by counsel, plaintiff received a full award. Plaintiff also filed a claim for workers' compensation benefits and Albertson's initially denied liability.

Plaintiff then filed this civil tort action against the store director and assistant store director, individually, and against Albertson's, Inc., on a theory of *respondeat superior*. Albertson's thereupon retracted its notice of contest in the workers' compensation claim and filed a general admission of liability, admitting that plaintiff's injuries had been sustained in the course of his employment.

In the tort action, Albertson's then moved for summary judgment, arguing that the tort action was barred by the exclusivity provisions of the Workers' Compensation Act. The trial court agreed and dismissed all claims.

## I.

Plaintiff contends that a factual dispute exists whether the altercation arose "out of and during the course" of his employment, as required for coverage under the Workers' Compensation Act, § 8-41-301(1), C.R.S. (1992 Cum.Supp.). We disagree.

When the undisputed facts establish that an employee is eligible for compensation under the Workers' Compensation Act, the employee is barred from maintaining an intentional tort claim both against a coemployee or against the employer under the doctrine of *respondeat superior*. Section 8-41-102, C.R.S. (1992 Cum.Supp.); *Kandt v. Evans*, 645 P.2d 1300 (Colo.1982).

■ In deciding the issue on a motion for summary judgment, the trial court must determine whether the evidence, viewed in the light most favorable to the non-movant, establishes as a matter of law that the injury "arose out of" and "in the course of" the plaintiff's employment. *Popovich v. Irlando*, 811 P.2d 379 (Colo.1991). The terms "arising out of" and "in the course of" are not synonymous, and both conditions must be met before workers' compensation coverage can be established. *In re Questions Submitted by U.S. Court of Appeals*, 759 P.2d 17 (Colo.1988).

■ An injury "arises out of" employment when there is a causal relationship between the employment and the injury. A workplace assault is compensable under workers' compensation "if it grew out of an argument over performance of work, possession of work tools or equipment, delivery of a paycheck, quitting or being terminated, or mediating between quarreling coemployees." *Triad Painting Co. v. Blair*, 812 P.2d 638, 642 (Colo.1991); *see also Banks v. Industrial Claim Appeals Office*, 794 P.2d 1062 (Colo.App.1990).

■ Applying this standard, we agree with the trial court that the plaintiff's sole remedy for the altercation at issue here is that provided by the Workers' Compensation statute. There is no indication or allegation in the record that the individual defendants had a personal, non-employment related reason for the alleged assault on the plaintiff. The entire incident occurred on Albertson's premises; the parties were brought into contact through their employment; and the only alleged source of animosity between them was the work schedule change and the store director's decision to discipline plaintiff by suspending him without pay. Therefore, on these uncontroverted facts, the altercation arose out of the plaintiff's employment as a matter of law.

■ Plaintiff, however, contends that the second condition for employment immunity is not satisfied. Relying on the fact that his work shift had ended and that the individual defendants had prevented him from punching back in on the time clock during the dispute, plaintiff argues that he was no longer in the course and scope of his employment at the time of injury. Again, we disagree.

■ The phrase "in the course of" refers to the time, place, and circumstances under which the injury occurred. The "course of employment" requirement is satisfied when it is shown that the injury occurred within the time and place limits of the employment relation and during an activity that had some connection with the employee's job functions. *Triad Painting Co. v. Blair, supra.*

■ The employee, however, need not be engaged in the actual performance of work at the time of injury in order for the "course of employment" requirement to be satisfied. *In re Questions, supra.* Injuries sustained by an employee while taking a break, or while leaving the premises, collecting pay, or in retrieving work clothes, tools, or work materials within a reasonable time after termination of a work shift are within the course of employment, since these are normal incidents of the employment relation. *Alpine Roofing Co. v. Dalton*, 36 Colo.App. 315, 539 P.2d 487 (1975).

Here, according to the facts submitted by plaintiff, the altercation occurred at 5:15 p.m., 15 minutes after the conclusion of his work shift. The altercation occurred on the premises of Albertson's while the plain-

tiff was waiting to leave the work site. Under these undisputed facts, the injury is compensable under the rule set forth in *Alpine Roofing Co. v. Dalton, supra.*

We reject plaintiff's argument that a different result is mandated by the fact that he allegedly was reentering the store as a "customer," to buy some soda pop and therefore was not an employee at the time of injury. He argues that *Triad Painting Co., In re Questions,* and *Alpine Roofing Co.* are distinguishable because, unlike the private employment premises in those cases, the Albertson's store is a retail market open to the public, and consequently, an individual can be an "employee one minute and a customer the next."

It is not the character of the employment premises, but rather, the nexus between the employment conditions and the injury that is determinative. Accordingly, even if we assume, *arguendo,* that plaintiff was reentering the Albertson's store as a customer to buy soda pop, the undisputed facts establish that it was the employment relationship and the immediately preceding confrontation with the store director that led to the altercation. Because there was an inherent connection between the work-related dispute and the altercation, the injury occurred "in the course of" plaintiff's employment.

## II.

We decline to consider plaintiff's alternative argument that defendants are equitably estopped from raising the exclusivity provisions of the Workers' Compensation Act as a defense to civil liability. Because this issue was not raised in the trial court, it was not preserved for appellate review. *First National Bank v. Union Tavern Corp.,* 794 P.2d 261 (Colo.App. 1990).

## III.

Finally, plaintiff argues that false imprisonment is not the type of personal injury that the Workers' Compensation Act was intended to cover. Therefore, he argues, the co-employee immunity rule should not preclude a claim for false imprisonment. We disagree.

False imprisonment is an intentional tort, *Enright v. Groves,* 39 Colo.App. 39, 560 P.2d 851 (1977), and we are bound by established precedent holding that employees are barred from maintaining tort actions against either a co-employee or against the employer under the doctrine of *respondeat superior* for intentional torts which arise out of and in the course of employment. *Kandt v. Evans, supra.*

Since there was no evidence or allegation in this case that the altercation and alleged false imprisonment arose from a neutral source or from the private affairs of the plaintiff and the tortfeasors, the trial court was correct in granting summary judgment in favor of the individually defendants.

Further, Albertson's was also immune from civil liability under the facts alleged here. An employer may be subjected to tort liability for intentional torts, including false imprisonment, if the employer deliberately intended to cause the injury and acted directly, rather than constructively through an agent. *See* 2A A. Larson, *Workmen's Compensation Law* §§ 68.10 & 68.31 (1992). However, if, as here, an employee seeks to hold a complying employer vicariously liable under the doctrine of *respondeat superior* for the intentional tort of a co-employee, the co-employee immunity rule precludes liability. *Kandt v. Evans, supra.*

The judgment is affirmed.

PLANK, J., concurs.

TURSI, J., dissents.

Judge TURSI dissenting.

I respectfully dissent.

Section 8–41–301–(1), C.R.S. (1992 Cum. Supp.) states: "The right to the compensation ... in lieu of any other liability to any person for any personal injury ... shall obtain in all cases ... where, *at the time of the injury,* the employee *is performing service* arising out of and in the course of the employee's employment." (emphasis supplied)

The trial court conceded that there was evidence showing plaintiff had completed

his shift, had punched out, had left the store, and that he was returning to purchase soda pop. However, because the argument which ultimately led to the severe beating plaintiff received grew out of the employment, the trial court concluded whether plaintiff was performing services arising out of and in the course of [his] employment at the time of the injury was immaterial.

I cannot reconcile that conclusion with the plain language of the statute. *See Dunavin v. Monarch Recreation Corp.,* 812 P.2d 719 (Colo.1991). *See also Popovich v. Irlando,* 811 P.2d 379 (Colo.1991) (citing with approval the rule of *Kandt v. Evans,* 645 P.2d 1300 (Colo.1982) holding that both the tortfeasor and the victim must be acting within the scope of their employment.)

Furthermore, I believe that a material issue of fact remains whether the injuries compensable for false arrest are cognizable and therefore within the exclusivity protection of the Workers' Compensation Act. *See Popovich v. Irlando, supra; cf. Dorr v. C.B. Johnson, Inc.,* 660 P.2d 517 (Colo. App.1983).

Therefore, I would reverse the summary judgment and remand for a trial.