James F. KELLY, Plaintiff–Appellant,

v.

MILE HI SINGLE PLY, INC., a Colorado Corporation; and Michael T. James, Defendants–Appellees.

No. 92CA0422.

Colorado Court of Appeals, Div. II.

Oct. 7, 1993.

Rehearing Denied Nov. 18, 1993.

Certiorari Granted May 16, 1994.

Schaden, Lampert & Lampert, Brian Lampert, Denver, for plaintiff-appellant.

Anderson, Campbell & Laugesen, P.C., J. Fern Black, Makris, Hunsaker, Towey & Melonakis, William J. Hunsaker and Michael S. Keilly, Denver, for defendants-appellees.

Opinion by Judge TAUBMAN.

In an action for personal injuries arising out of an automobile accident, plaintiff, James Kelly, appeals from summary judgments entered in favor of defendants, Mile Hi Single Ply, Inc. (Mile Hi) and Michael T. James. We affirm.

At the time of the January 1988 accident, Kelly, as an employee of Mile Hi, was the passenger in an automobile being driven by James, a co-employee. The two were returning to Denver from a business trip to Nebraska and South Dakota when an accident occurred that left Kelly a paraplegic.

In the resulting action, James moved for summary judgment on the ground that Kelly's claim is barred by the Workers' Compensation Act (the Act), § 8–40–101, et seq., C.R.S. (1993 Cum.Supp.). The trial court granted that motion, and this appeal followed.

We remanded the case for C.R.C.P. 54(b) certification or proper dismissal of all parties. The trial court entered an order dismissing all of the parties pursuant to a stipulation among them. The stipulation stated in part that: "[A]ny claims Plaintiff may have against Defendant Mile Hi Single Ply, Inc. are based on vicarious liability solely as a result of any liability of the Defendant James and since judgment has entered in favor of Defendant James, judgment in favor of Defendant Mile Hi Single Ply, Inc. should also enter, dismissing all claims against Defendant Mile Hi Single Ply, Inc." Upon that stipulation and order, the cause is now before us as presenting final judgments for review.

I

Kelly argues that his election to reject coverage under the Act eliminates co-employee immunity for James and allows a suit just as though there was no workers' compensation tort immunity. We disagree.

It is undisputed that, at the time of the accident, Kelly was president and sole stockholder of Mile Hi. Prior to the accident, Kelly had exercised his option as a corporate officer to reject workers' compensation coverage for himself pursuant to the provisions of § 8–41–106.5, C.R.S. (1986 Repl.Vol. 3B) (re-enacted as § 8–41–202, C.R.S. (1993 Cum. Supp.)). This was a valid exercise of his rights. This election to reject coverage was never revoked and was in effect at the time of the accident.

Nevertheless, the trial court properly granted summary judgment on the ground that Kelly's claims were barred by the Act. Kelly's election to reject coverage has no effect on his co-employee's immunity from common law tort liability. *Kandt v. Evans*, 645 P.2d 1300 (Colo.1982).

Generally, the Act provides exclusive remedies for compensation of an employee by an employer for a work-related injury. *See Triad Painting Co. v. Blair*, 812 P.2d 638 (Colo.1991); § 8–41–102 (1993 Cum.Supp.). However, an election to reject coverage allows an injured employee to sue his or her employer. In that regard, § 8–42–103, C.R.S. (1986 Repl.Vol. 3B) (re-enacted as § 8–41–103, C.R.S.1993 (Cum.Supp.)) restores certain common law defenses to the *employer* and provides that if "an action is brought against [an] employer ... by an employee who has elected not to [be covered by workers' compensation,] such employer ... shall have all the defenses to the action which [it] would have had" if the Workers' Compensation Act and Employee Liability Act had not been enacted. Kelly argues that the availability of common law defenses to employers extends to employees, thereby making employees subject to suit. However, § 8–41–103, C.R.S. (1993 Cum.Supp.) specifically refers to lawsuits against *employers;* it does not mention actions against employees. Therefore, a co-employee cannot be held liable for an injury to a co-worker who has elected to reject workers' compensation coverage.

The trial court recognized that a contrary inference could be drawn from § 8–48–101(2.5), C.R.S. (1986 Repl.Vol. 3B) (re-enacted as § 8–41–401(3), C.R.S. (1993 Cum. Supp.)), which places a $15,000 limit on recovery in tort actions against persons in the same employ, but does not refer to either employer or employee.

The reconciliation of these two sections is a matter of first impression. In order to reconcile § 8–41–103 and § 8–41–401(3), the trial court reasoned that a corporate officer who has elected to reject coverage can bring a tort action only against the employer. We agree with this reading. *See State Board of Medical Examiners v. Saddoris*, 825 P.2d 39 (Colo.1992) (statutes must be construed as a whole to give consistent, harmonious and sensible effect to all their parts).

This overall reading of the statute gives effect to the purpose of workers' compensation. Whether or not a corporate officer opts out, the employees covered by the Act are still limited to their rights and remedies un-

der the Act. That is, under the general scheme, an employee is entitled to expect freedom from tort suits in exchange for giving up the right to sue in tort. This is part of the *"quid pro quo"* referred to in *Kandt v. Evans, supra.* Thus, the grant of summary judgment for James was proper.

## II

█ Kelly contends alternatively that there is a material question of fact as to whether his injuries occurred within the scope of his employment. If the accident did not occur during the course of work, he contends his rejection of coverage would not apply and he could bring a tort claim against James. We disagree that an issue of fact exists.

In deciding the issue of scope of employment on a summary judgment motion, "the trial court must determine whether the evidence viewed in the light most favorable to the non-movant establishes as a matter of law that the injury 'arose out of' and 'in the course of' the plaintiff's employment." *Popovich v. Irlando,* 811 P.2d 379 (Colo. 1991). "An injury 'arises out of' employment when there is a causal relationship between the employment and the injury." *Ventura v. Albertson's, Inc.,* 856 P.2d 35 (Colo.App.1992).

The record here clearly establishes that both Kelly and James were acting within the scope of their employment with Mile Hi at the time of the accident. Kelly admitted in his deposition that he and James were in the "course and scope of" employment at the time of the accident. Furthermore, there is no allegation in the amended complaint that they had taken a detour from their drive home. In fact, in his deposition Kelly stated they did not depart from their travel route to go on a personal errand. *See Ventura v. Albertson's, Inc., supra.* Also, Kelly and James were in the car returning from a business trip; their expenses, time, and meals were being reimbursed.

Thus, the undisputed facts establish as a matter of law that at the time of the accident, Kelly and James were co-employees acting within the scope of their employment. *See*

*Continental Airlines v. Industrial Commission,* 709 P.2d 953 (Colo.App.1985).

## III

James argues that even if Kelly is permitted to maintain an action, any recovery against James would be limited to $15,000 under § 8–41–401(3). However, in light of our ruling above that James is not subject to any liability for damages, we need not address this contention.

Furthermore, the joint stipulation dismissing claims against Mile Hi stated that the only claim against Mile Hi was based on vicarious liability. Accordingly, our affirmation of the trial court's finding that James was not liable also applies to Mile Hi. Kelly cannot now seek relief under § 8–41–401(3) from Mile Hi since he stipulated that the only relief he sought against Mile Hi was based on *respondeat superior.*

## IV

Finally, Kelly argues that while the General Assembly may allow the workers' compensation system to replace common law remedies as part of the *quid pro quo* for a worker's not having to prove liability or fault, it cannot allow an individual to exclude himself from that statutory scheme and then restrict otherwise available common law remedies by capping his damages at $15,000. He argues that this limitation violates the equal protection and due process guarantees under the Colorado and United States Constitutions since individuals who are not co-employees are not subject to the damages cap. However, in light of our conclusion that James is not liable for any damages, we need not address this contention.

Judgment affirmed.

TURSI and HUME, JJ., concur.